# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| UTXL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 5:18-cv-06154-SRB |
| v. | ) |
| | ) |
| REAL EXPRESS, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before this Court is Plaintiff's Motion for Clerk's Default Judgment Against Defendant Real Express, Inc. (Doc. #5). For the reasons explained below, the motion is denied without prejudice.

### I. Background

On October 18, 2018, Plaintiff filed this lawsuit against Defendant. According to Plaintiff's Complaint, Defendant transported Plaintiff's shipment of dairy products above the required temperature, resulting in the dairy goods being rejected at delivery. (Doc. #1, ¶¶ 18, 21). To date, Defendant has not filed an answer or other response to Plaintiff's Complaint. In the present motion, Plaintiff requests that the clerk of the court enter Defendant's default pursuant to Federal Rule of Civil Procedure 55(a) and that the clerk enter default judgment against Defendant pursuant to Rule 55(b)(1). (Doc. #5, ¶¶ 5–12). Plaintiff requests damages in the amount of $23,692.36, attorneys' fees in the amount of $3,979, and costs in the amount of $504.43. (Doc. #5, ¶¶ 9–11).

Plaintiff's motion fails to establish the requirements for entry of default judgment by the clerk because Plaintiff's claim is not "for a sum certain or a sum that can be made certain by

computation." Rule 55(b)(1).  *See KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19–20 (1st Cir. 2003) (holding that, for Rule 55 purposes, "a claim is not [for] a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default").  Even though the $23,692.36 damages portion of the total relief sought by Plaintiff is by itself a "sum certain" based on the attached affidavits, entry of default judgment by the clerk would still be improper because Plaintiff's claim includes a request for attorney's fees. *See Deutche Bank Nat. Trust Co. v. Strunz*, No. 1:12-CV-01678, 2013 WL 122644, at *1 (M.D. Penn. Jan. 9, 2013) (holding that the clerk of court may not enter default judgment when "Plaintiff seeks not only a 'sum certain,' but also, attorney's fees" and noting that "[a] claim for attorney's fees will rarely be for a 'sum certain' because, typically, a judicial determination is necessary to decide whether to award fees, and, if an award will be made, in what amount"); *Adorn, LLC v. Lakeside Park Homes, Inc.*, No. 7:06-CV-115(HL), 2007 WL 640290, at *2 (M.D. Ga. Feb. 26, 2007) (citing *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985)) (holding that because "Rule 55(b)(1) does not allow an award of attorney fees as part of a default judgment entered by the clerk," the plaintiff's "request for attorney fees . . . precludes entry of default judgment by the [c]lerk").

Plaintiff is directed to use the two-step process required by Federal Rules of Civil Procedure 55(a) and (b) for obtaining a default judgment.  *See Robinson Mech. Contractors Inc. v. PTC Grp. Holdings Corp.*, No. 1:15-CV-77-SNLJ, 2017 WL 3839702 (E.D. Mo. Sep. 1, 2017) (first, the clerk must enter default against the party under Rule 55(a); second, if the party's default has been entered, default judgment may be entered under Rule 55(b)).  Accordingly, Plaintiff's Motion for Clerk's Default Judgment Against Defendant Real Express, Inc. (Doc. #5) is denied without prejudice.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: December 12, 2018